UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM GOLDRING AND JANE GOLDRING** | **CIVIL ACTION** |
| | **NO: 18-10756** |
| **VS.** | |
| | **SECTION: T** |
| **UNITED STATES OF AMERICA** | |

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by William Goldring and Jane Golding. The United States of America has also filed a Motion for Summary Judgment.[2] For the following reasons, the Motion for Summary Judgment[3] filed by William Goldring and Jane Golding is **DENIED** and the Motion for Summary Judgment[4] filed by the United States of America is **GRANTED.**

## BACKGROUND

This action seeks a determination on the proper tax treatment of certain proceeds awarded in connection with the disposition of Jane Goldring's stock in Sunbelt Beverage Corporation, via a cash-out merger. On August 22, 1997, Sunbelt Merger Corporation was merged into Sunbelt Beverage Corporation ("Sunbelt"), a privately-held Delaware corporation. At the time of the merger, Goldring held 120,000 shares of the common stock of Sunbelt. As a result of the merger, Goldring's shares of Sunbelt stock were canceled, effective August 22, 1997, and converted into the right to receive the sum of $45.83 per share.

On December 12, 1997, Goldring filed a petition for appraisal with the Court of Chancery of Delaware, requesting an award of the fair value of her shares of Sunbelt stock as of the merger date, pursuant to the Delaware appraisal statute, 8 *Del.C.* § 262, ("Appraisal Action"). On

---

[1] R. Doc. 35.
[2] R. Doc. 36.
[3] R. Doc. 35.
[4] R. Doc. 36.

1

August 12, 1999, Goldring filed a complaint against Sunbelt and six of Sunbelt's directors pursuing claims of unfair dealing and breach of fiduciary duty in connection with the merger seeking rescission of the merger and damages ("Breach of Fiduciary Duty Action"). The Appraisal Action and the Breach of Fiduciary Action were consolidated by the Delaware Court (collectively referred to as the "Sunbelt Litigation").

At the conclusion of the extended Sunbelt Litigation, the Delaware Court issued a Memorandum Opinion and a Revised Opinion, in which the Delaware Court found for Goldring both on her claim that Sunbelt's directors breached their fiduciary duties by engaging in unfair dealing in consummating the merger, and on her claim as to the "fair value" of her Sunbelt stock at the time of the merger. The Delaware Court determined that the fair value of Sunbelt at the time of the cash-out merger on August 22, 1997, was $114.04 per share, but declined to award Goldring rescissory damages. The Delaware Court directed the parties to agree upon a form of implementing its order.

On March 12, 2010, after the parties exchanged interest computations, they executed a Forbearance and Payment Agreement ("F&P Agreement"). In the F&P Agreement, the parties expressly agreed that Sunbelt shall pay, via wire transfer, a settlement amount of $40,789,124.50 to Goldring on or before April 15, 2010. The settlement amount was comprised of:

- $13,684,800.00, reflecting the fair value of the Mrs. Goldring's shares in 1997;
- $26,067,243.83 in pre-judgment interest;
- $9,820.28 in court costs; and
- $841,763.00 in expert witness fees.

The parties also agreed that post-judgment interest shall accrue at 5% over the Federal Reserve discount rate (5.75% as of March 8, 2010) beginning on March 8, 2010, and compounded

quarterly, until the date the total settlement amount was paid in full. In exchange for payment of the settlement amount, Goldring agreed to surrender her Sunbelt stock certificates and waive her right to appeal the Delaware Court's decision to award her monetary damages based on the fair value of the Sunbelt shares in 1997, rather than the rescissory damages based on Sunbelt's current value.

Sunbelt paid Goldring the Settlement Amount on April 5, 2010, and Goldring subsequently surrendered her Sunbelt stock certificates to Sunbelt. The IRS and the plaintiffs agree that $14,536,383.28 of the settlement amount is capital in nature because it was made in exchange for Goldring's Sunbelt shares. The parties dispute, however, how the remaining $26,252,741.22 of the payment (the "Disputed Character Amount") should be treated for tax purposes. Goldring contends the entire Settlement Amount should be treated as payment in exchange for a capital asset. The government contends the Disputed Character Amount is properly taxed as ordinary income.

## LAW AND ANALYSIS

Generally, all income from whatever source derived is taxed as "gross income."[5] 26 U.S.C. §61 lists, among other things, "interest" to be included within the definition of gross income.[6] However, the Internal Revenue Service taxes "capital gains" at different rates than it taxes gross income.[7] A capital gain is defined as "a gain from the sale or exchange of a capital asset held for more than 1 year."[8]

In this case, the Disputed Character Amount reflects an award of statutory interest to Goldring pursuant to 8 *Del.C.* §§ 262 (h),(i). The Delaware Court specifically cited 8 *Del. C.* §

---

[5] 26 U.S.C. §61.
[6] 26 U.S.C. §61 (a)(4).
[7] 26 U.S.C. § 1222(3); 26 U.S.C. § 1(h).
[8] 26 U.S.C. § 1222(3).

3

262(h) in exercising "statutory discretion to award interest at the legal rate (5% greater than the Federal Reserve discount rate as measured during that period of time), compounded quarterly."[9] The Delaware appraisal statute, 8 *Del.C.* § 262, allows stockholders who perfect their appraisal rights to receive "fair value" for their shares as of the merger date instead of the merger consideration.[10] The appraisal statute requires the Court of Chancery to assess the "fair value" of such shares and, in doing so, "take into account all relevant factors."[11] 8 *Del.C.* § 262(h) also provides the Court of Chancery with discretion to award interest from the effective date of the merger through the date of payment of the judgment. "The purpose of interest is to fairly compensate the stockholders for their inability to use the money during the entire period in question."[12] Additionally, an interest award "forces the corporation to disgorge any benefits it obtained from the use of the fair value of petitioner's shares during the pendency of the proceeding."[13]

"[F]or a specific amount to be subject to federal income tax, it must first come within the Internal Revenue Code's definition of 'gross income.'"[14] The Internal Revenue Code defines "capital gain" as a "gain from the sale or exchange of a capital asset."[15] To be eligible for favorable capital gain treatment, a taxpayer must prove "the existence of a 'capital asset,' and that the payment was received in a 'sale or exchange' of that asset."[16]

---

[9] *In re Sunbelt Beverage Corp. S'holder Litig.*, 2010 WL 26539, at *16 (Del. Ch. Jan. 5, 2010), as revised (Feb. 15, 2010).
[10] *Dell, Inc. v. Magnetar Glob. Event Driven Master Fund Ltd*, 177 A.3d 1, 5 (Del.2017).
[11] *Dell, Inc*, 177 A.3d at 5 (citing 8 *Del.C.* § 262).
[12] *Bell v. Kirby Lumber Corp.*, 413 A.2d 137, 149 (Del.1980).
[13] *Gilbert v. MPM Enterprises, Inc.,* 709 A.2d 663, 674 (Del. Ch.1997), *on reargument sub nom. Gilbert v. M.P.M. Enterprises, Inc.*, 1998 WL 229439 (Del. Ch. Apr. 24, 1998), *and aff'd sub nom. M.P.M. Enterprises, Inc. v. Gilbert*, 731 A.2d 790 (Del.1999).
[14] *See e.g., Chamberlain ex rel. Chamberlain v. United States*, 401 F.3d 335, 337 (5th Cir. 2005).
[15] *See Duffy v. United States,* 636 Fed.Appx. 792, 793-794 (Fed. Cir. Jan. 8, 2016) (*quoting*, 26 U.S.C. §§ 1222 (1), (3)).
[16] See *Duffy*, 636 Fed.Appx. at 794 (*quoting, Commissioner v. Gillete Motor Transp., Inc.*, 364 U.S. 130, 133 (1960)).

The Court finds that the Disputed Character Amount is properly classified as interest and should, therefore, be taxed as gross income. The Disputed Character Amount was awarded pursuant to the Delaware appraisal statute for the purpose of fairly compensating Golding for her inability to use the money during the period in question. The Disputed Character Amount is not tied to the value of the stocks at issue because it reflects statutory interest, not a gain from the sale of a capital asset.

The Disputed Character Amount consists of statutory interest under 8 *Del.C.* §§ 262 (h), (i). Interest is specifically included within the definition of "gross income" under 26 U.S.C. §61, and is, therefore, considered gross income rather than a capital gain. Additionally, the Disputed Character Amount in no way reflects a gain from the sale of a capital asset based on the Delaware Supreme Court's interpretation of Delaware's appraisal statute. As the Delaware Supreme Court has explained, the purpose of the award of interest under 8 *Del.C.* §§ 262 (h), (i) is to compensate the stockholder for the inability to use the stock during a certain time period.

In analyzing the method of computation of interest under the Delaware appraisal statute, the interest accrued at 5% over the Federal Reserve discount rate (5.75% as of March 8, 2010) beginning on March 8, 2010, and compounded quarterly, until the date the total settlement amount was paid in full. This computation of interest is in no way reflective of a gain to Goldring from the sale of her stock. It does not reflect an increase in the value of stock, nor is it tied to the value of the stock. Rather, it is computed according to the mandates of the statute. Thus, although Goldring agreed to surrender her stock pursuant to an agreement that included this statutory interest, the Disputed Character Amount does not reflect a gain from the sale or exchange from such stock. Instead, the Disputed Character Amount represents statutory interest in order to compensate Goldring for the loss of use of her stock for a specific period of time.

Therefore, the statutory interest Goldring received under 8 *Del.C.* §§ 262 (h), (i) is not a gain from the sale of a capital asset. Thus, the Court finds the Disputed Character Amount is properly classified as interest and should, therefore, be taxed as gross income.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[17] filed by William Goldring and Jane Golding is **DENIED** and the Motion for Summary Judgment[18] filed by the United States of America is **GRANTED.**

**New Orleans, Louisiana**, on this 13th day of April, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 35.
[18] R. Doc. 36.